The following constitutes
the order of the court. Signed December 10, 2007

_____
Marilyn Morgan
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>**KENNETH M. DOOLITTLE and MARILYN A. DOOLITTLE,**<br><br>Debtors. | Case No. 05-55696-MM<br><br>Chapter 7<br><br>The Hon. Marilyn Morgan |
| **SUZANNE L. DECKER,**<br><br>Plaintiff,<br><br>v.<br><br>**KENNETH M. DOOLITTLE,**<br><br>Defendant. | Adv. No. 06-5133<br><br>**MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Docket No. 30]** |

## INTRODUCTION

Plaintiff, Suzanne Decker, the trustee of the bankruptcy estate of debtors, Kenneth M. and Marilyn A. Doolittle alleges that Kenneth Doolittle should be denied a discharge. Specifically, the complaint alleges that: (1) under section 727(a)(4) of the Bankruptcy Code, Doolittle knowingly and fraudulently made false statements and omissions in his bankruptcy schedules; (2) under section 727(a)(2), Doolittle transferred property of the estate to another state with intent to hinder, delay or defraud the trustee or creditors; and (3) under section 727(a)(6)(A), Doolittle has refused to obey a

1

lawful order of the court. The trustee moves for summary judgment urging that undisputed evidence establishing each of these claims provides a basis for judgment in her favor. She further contends that she is entitled to summary judgment because: (1) Doolittle withheld an accounting relating to the property of the estate from the trustee; and (2) Doolittle acquired property of the estate but failed to deliver the property to the trustee. Doolittle, acting in *pro per,* did not file an opposition and did not appear at the hearing to oppose the motion. Having read the moving papers, and considered the arguments of counsel, and for the reasons set forth below, the trustee's motion for summary judgment is granted in favor of the plaintiff and against defendant Kenneth Doolittle.

## BACKGROUND

On September 12, 2005, Kenneth and Marilyn Doolittle filed a voluntary petition under Chapter 7 of the Bankruptcy Code. In their petition, the Doolittles estimated that after taking into account any exempt property, there would be no funds available for distribution to unsecured creditors. Each of the Doolittles executed the bankruptcy petition and set forth in the accompanying schedules an accounting of their personal property, debts and finances.

At a meeting of creditors held on December 8, 2005, Doolittle testified that he owned four vehicles identified in his schedules. He further stated that he took all four to Idaho. He did not obtain permission from the trustee.

After the meeting of creditors, based on what appeared to be incomplete and inaccurate bankruptcy schedules filed by the Doolittles at the outset of the case, and creditors' allegations of fraud and misrepresentation, the trustee decided it was necessary to conduct a substantial examination of the debtors' assets. Pursuant to an order for Rule 2004 examination, Doolittle appeared for examination on February 27, 28 and March 1, 2006. During the course of the examination, Doolittle acknowledged having read the bankruptcy schedules and testified he understood that he was signing them under penalty of perjury.

As set forth below, Doolittle's testimony at his Rule 2004 examination disclosed several discrepancies in the Doolittles' bankruptcy schedules:

1. 54 Mobile Home Carryback Promissory Notes: In the bankruptcy schedules, Doolittle failed to identify his fractional interest in 54 mobile home notes, which have an approximate aggregate value of $154,000.

2. Tania's Court apartments: In the bankruptcy schedules, Doolittle identified a one percent ownership interest in four townhouses in Tania's Court in Aptos, California. Indeed, the trustee sold the estate's right, title and interest to the Doolittles for $31,000 based on the Doolittle's stated representation as to the amount of his ownership interest. Doolittle's ownership interest, however, is at least a 1.8 percent interest.

3. Domain names: In the bankruptcy schedules, Doolittle failed to identify as assets his partial interest in hundreds of domain names. After filing the bankruptcy petition, Doolittle sold approximately five domain names. He has not provided any accounting whatsoever of the proceeds from those domain name sales.

4. BMW motorcycle: In the bankruptcy schedules, Doolittle identified a 1973 BMW R75/5 motorcycle valued at $900 with a lien against the motorcycle that exceeded the value of the motorcycle. However, the certificate of title for the motorcycle reflected that the lien had been released by its holder prior to the petition date.

5. Monterey Bay Investment Corp. ("MBIC"): Doolittle is the sole owner and shareholder in MBIC, a corporate entity through which defendant or independent contractors sell insurance. Doolittle does not dispute the trustee's allegations that he is the alter ego of the corporation and that any residuals and commissions of MBIC should be surrendered to the trustee as property of the estate. To date, Doolittle has failed to provide an accounting or any documents which might reflect the value of residuals and commissions collected by MBIC or himself.

6. Crocker litigation: In the bankruptcy schedules, Doolittle failed to disclose his 25 percent interest in any recovery on judgment entered against Theodore Crocker and Rob Mariani. Doolittle's recovery is based on the amount he contributed to pursue the litigation.

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In light of these revelations, on June 6, 2006, the trustee filed this adversary proceeding to deny discharge based on Doolittle's false statements. Additionally, after Doolittle failed to cooperate in his duty to deliver both old and newly disclosed assets to the trustee, she moved for an order compelling turnover of the assets, demanding an accounting and objecting to certain claims of exemption. Specifically, the turnover motion sought recovery of the following assets: (1) cash in the amount of $2,000; (2) personal deposit accounts, including a balance of approximately $3,258.65; (3) 2000 or 2002 Ford E350 Minivan; (4) 1997 Ford E350 Van; (5) 2002 GMC Cargo Van; (6) 1973 BMW R75/5 motorcycle; (7) residuals and commissions from the sale of insurance owed to Monterey Bay Investment Corp. ("MBIC"); and (8) estate's interest in 54 mobile home notes and any payments related thereto. Doolittle did not oppose the turnover motion. In fact, Doolittle's counsel appeared and agreed to the terms of the turnover.

On April 4, 2007, after counsel for both the trustee and Doolittle approved its form, the court entered an order granting the relief sought by the trustee. The turnover order authorized the trustee to deduct the value of assets from Doolittle's $75,000 homestead exemption and required the Doolittles to turnover the value of the assets that exceeded the $75,000 homestead exemption within 15 days from the date of the turnover order. Additionally, the turnover order required the Doolittles to provide an accounting of all residuals and commissions collected by MBIC and any and all sums collected from the Doolittles' fractional ownership in 54 mobile home notes.

To date, Doolittle has failed to comply with the turnover order. Doolittle has not turned over the value of the assets exceeding the homestead exemption or provided an accounting of all residuals and commissions collected by MBIC and any and all sums collected from the fractional interest in the Mobile Home notes.

## LEGAL DISCUSSION

Under Rule 7056 of the Federal Rules of Bankruptcy Procedure, Rule 56 of the Federal Rules of Civil Procedure is applicable to an adversary proceeding in the bankruptcy court. Under Rule 56, a motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-258 (1986). The moving party bears the initial burden of informing the

4

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
Case: 06-05133    Doc# 36    Filed: 12/10/07    Entered: 12/10/07 11:19:33    Page 4 of 7

court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In addition the moving party must provide evidence for each essential element of her claims to establish that she is entitled to judgment in her favor as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 254. In response, the nonmoving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See Id.* Further, he must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allen*, 91 F.3d 247, 251 (7th Cir. 1995)(stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact."). A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248-49.

**I.     Undisputed Evidence Establishes that Defendant Failed to Obey a Court Order within the Meaning of Section 727(a)(6)**

Under section 727(a)(6)(A) of the Bankruptcy Code, the court may deny discharge if "the debtor has refused in the case to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. §727(a)(6)(A). Elements of the claim are (1) defendant refused to obey a lawful court order; (2) the order was entered in defendant's related bankruptcy case; and (3) the order was other than an order to respond to a material question or to testify. *Id.* "[I]t is totally within the discretion of the bankruptcy court to find a particular violation of the court's order so serious as to require denial of discharge under § 727(a)(6)(A)." *In re Devers,* 759 F.2d 751, 755 (9th Cir. 1985). The trustee has offered credible proof establishing each of the required elements.

With respect to the first two elements, the declaration of the trustee's counsel demonstrates that Doolittle failed to abide by this court's August 4, 2007 turnover order and has not provided an accounting of all residuals and commission collected by MBIC and sums collected from the mobile home notes. As discussed above, Doolittle was served with the turnover order but has not proffered any explanation for his failure to comply with its requirements. Further, the language of the order itself makes clear that it was not an order to respond to a material question or to testify. The trustee has

5

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
Case: 06-05133    Doc# 36    Filed: 12/10/07    Entered: 12/10/07 11:19:33    Page 5 of 7

**UNITED STATES BANKRUPTCY COURT**
**For The Northern District Of California**

1 established all the elements required to prove this claim. Doolittle's failure to turn over substantial
2 assets significantly impacts creditors in the case and is detrimental to the bankruptcy proceedings and
3 the court's administration of the case. As a result, it is entirely appropriate to deny defendant a
4 discharge on this basis. *See, e.g., In re Costantini,* 201 BR 312, 316 (Bkrtcy. M.D. Fla. 1996)(citation
5 of relevant factors in deciding whether to deny discharge on the basis of refusing to obey a court order).
6 Accordingly, the trustee's motion for summary judgment to deny discharge on this basis is granted.

**II.     It is Not Necessary to Rule on the Trustee's Other Grounds for Denial of Discharge**

The trustee also contends that Doolittle should be denied his discharge because Doolittle knowingly and fraudulently made false statements and omissions in his bankruptcy schedules, Doolittle transferred four vehicles to Idaho with intent to hinder, delay or defraud the trustee or creditors, and Doolittle has refused to obey a lawful order of the court. Because discharge will be denied on the basis explained above, it is not necessary to consider these additional grounds.

**CONCLUSION**

For the foregoing reasons, the trustee's motion for summary judgment is granted, and Doolittle's discharge is denied.

Good cause appearing, IT IS SO ORDERED.

**\* \* \* END OF ORDER \* \* \***

Adv. No. 06-5133

**SERVICE LIST**

Barry Migrom
Nhung Le
Luce, Forward, Hamilton & Scripps LLP
Rincon Center II
121 Spear Street, Ste. 200
San Francisco, CA 94105-1582

United States Trustee
Office of the U.S. Trustee
280 South First Street #268
San Jose, CA 95113

Kenneth M. Doolittle
892 E. Stormy Drive
Meridian, ID 83642